UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO CHACH-CIPRIAN,<br><br>                          Petitioner,<br><br>v.<br><br>KRISTI NOEM; TODD LYONS; PATRICK DIVVER; CHRISTOPHER LAROSE; SIRCE OWENS; PAMELA BONDI,<br><br>                         Respondents. | Case No.: 3:25-cv-3233-JES-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF NO. 1]** |

Before the Court is Petitioner Rolando Chach-Ciprian's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 5. The deadline to file an optional traverse has passed, and Petitioner did not file any traverse. For the reasons set forth below, the Court **GRANTS** the petition.

## I.    BACKGROUND

Petitioner, a native of Guatemala, entered the United States in 2013 without inspection. ECF No. 1 ¶ 31. On August 3, 2025, Petitioner was apprehended in Maryland by Immigration and Custom Enforcement ("ICE") while he was on his way to work. *Id.* ¶ 35. He is currently being detained at the Otay Mesa Detention Center. *Id.* ¶ 37.

Removal proceedings are now pending for Petitioner before Otay Mesa Immigration Court. *Id.* ¶ 37. On September 19, 2025, Petitioner states that he was given a bond redetermination hearing, but the Immigration Judge denied the request on the basis that it lacked jurisdiction to redetermine bond under *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* ¶ 40.

Petitioner alleges in his complaint that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and should rather be subject to § 1226(a). *Id.* ¶¶ 43-49. As such, his detention without a meaningful bond hearing violates § 1226. He seeks either release or that the Court order a bond hearing pursuant to § 1226.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisdictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; and (3) Petitioner is lawfully detained under § 1225 and it is that section, rather than § 1226, that applies to his detention. ECF No. 3.

Respondents' arguments with regards to jurisdiction, administrative exhaustion, and applicability of § 1225 versus § 1226 are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). In that decision, this Court held that the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear similar claims challenging detention without an adequate bond hearing, and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*. Further, the Court, along with many others, held that it is § 1226 that applies to noncitizens that have been detained when after residing in the United States for a period of time. The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

As applied here, there is no dispute that Petitioner was detained by ICE after having already resided in the United States for many years. Therefore, it is § 1226's discretionary detention that applies to him, rather than § 1225's mandatory discretion as Respondents urge and Petitioner is entitled to a meaningful bond determination, not solely based on *Matter of Yajure Hurtado*. Accordingly, the Court **GRANTS** Petitioner's petition on this ground.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1)   Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2)   The Court **ORDERS** Respondents to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

//
//
//

|   |   |   |
|---|---|---|
| (4) | | Respondents are **ORDERED** to File a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing; |
| (5) | | The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case. |

**IT IS SO ORDERED.**

Dated: December 2, 2025

Honorable James E. Simmons Jr.
United States District Judge